**Alvin Wayne HEACOCK, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Crim. 2:93–CR–2PR.**

United States District Court, S.D. Mississippi, Hattiesburg Division.

March 31, 1999.

Alvin Wayne Heacock, Jr., plaintiff pro se.

### ORDER DENYING SUSPENSION OF SUPERVISED RELEASE

PICKERING, District Judge.

This matter is before the Court on motion to suspend supervised release filed on behalf of the petitioner. The Court having reviewed the motion and authorities finds that the motion is not well taken and should be denied. The Court finds specifically as follows, to wit:

■ The Petitioner herein was previously convicted on all counts of an eleven count indictment on or about June 2, 1993, in this Court. He thereafter appealed that conviction to the Fifth Circuit Court of Appeals which affirmed it as to all counts on August 24, 1994. Count 1 dealt with false statements made to the Internal Revenue Service, Count 2 dealt with illegal gambling, Counts 3, 4, 5, and 6 dealt with interstate travel in aid of racketeering, Counts 7, 8, 9, and 10 dealt with money laundering, and Count 11 dealt with conspiracy to defraud the United States. Thus Counts 2, 3, 4, 5, and 6 were clearly gambling related convictions and Counts 1 and 11 had to do with tax fraud while Counts 7, 8, 9, and 10 had to do with money laundering and could be said to relate to gambling. However, Counts 1 and 11 were tax fraud convictions and cannot be said to be gambling related. Tax fraud applies whether the secreted money is legal or illegal, gambling or from other sources.

This Court departed downward considerably and sentenced Petitioner to sixty months incarceration. He was released from custody in early 1998. Petitioner was sentenced to serve three years supervised release on nine of the eleven counts. He was not sentenced to supervised release on Count 3 which was one of the gambling (interstate travel) convictions nor on Count 7 which was one of the money laundering convictions but he was sentenced to three years supervised release *on all of the other nine counts* of conviction. One of the conditions of supervised release imposed by this Court ordered the Defendant to pay a fine. The Petitioner has consistently refused to pay anything on that fine asserting that his conviction under 18 U.S.C. § 1955 was illegal and improper because bookmaking under Mississippi law is not a crime.

■ This appeal is entirely frivolous. Petitioner was convicted, perfected a direct appeal to the Fifth Circuit in which his convictions were affirmed and has filed or attempted to file numerous 2255 mo-

tions. Petitioner's conviction is final. The Fifth Circuit in an opinion filed on September 30, 1998, concluded "This is Heacock's second frivolous motion to file a successive Section 2255 motion. (citation omitted). Heacock is, therefore, warned that the filing of repetitive, frivolous motions pursuant to Section 2244(b)(3) will result in the imposition of sanctions." This matter is procedurally barred, nevertheless, this Court will consider the merits of the petition.

■ Petitioner argues that his gambling related convictions cannot stand. That is his only argument. Consequently his argument has absolutely no bearing relating to his conviction on Counts 1 and 11 which had to do with tax fraud. Petitioner's arguments are directed only at the gambling related convictions. Thus, even if Petitioner's argument relating to the gambling convictions was on point, which it is not, Petitioner would still be on supervised release for three years on at least two counts. Petitioner relies in large part on a decision by the Chancery Court of Harrison County, Mississippi. *Imperial Palace of Mississippi, Inc. v. Mississippi Gaming Commission,* Chancery Court of Harrison County, Second Judicial District, Cause No. G2402–97–871, decided 8–11–97. That opinion, relied upon by Petitioner, demonstrates the fallacy of his arguments. On page 3 of that opinion the Court finds that "This law authorized gambling along the shores of the Mississippi Gulf Coast and the counties bordering the Mississippi River. *See* Miss.Code Ann. §§ 19–3–79 and 97–33–1 (1972) (approved June 29, 1990)." Further, after analyzing the Mississippi gaming statutes which permit gambling only in certain counties and only after a local option vote, the Harrison County Chancery Court concluded that *even in licensed gambling facilities located only in those counties in which gambling is legal,* that Section 75–76–33 was intended to prohibit messenger bets, telephone bets, and lotteries, and that *"these type of wagering activities still should not take place on licensed premises." supra,* page 12. (emphasis added). Consequently, telephone betting is totally illegal in Mississippi. Bookmaking (or telephone betting) is not even legal in licensed casinos, much less anywhere else.

The gambling activities for which Petitioner was convicted primarily were centered out of Hattiesburg, Mississippi, which is not in a county contiguous to the Gulf Coast nor to the Mississippi River. The gambling activities for which Petitioner was convicted were likewise closely related to use of the telephone since it was a bookmaking operation. Again, the laws which legalize gambling in Mississippi in certain situations did nothing to legalize gambling in the interior counties of Mississippi and did nothing to legalize telephone betting even on licensed premises as reflected by the decision in *Imperial Palace.*

It is still unlawful to gamble in Mississippi in any county not adjacent to the Mississippi Gulf Coast or to the Mississippi River and in which there has not also been a local referendum election approving gambling. It is ludicrous to argue that gambling is not against the public policy of Mississippi in interior counties or by telephone. The regulatory aspects of the Mississippi laws on gambling *relate only to the regulation of licensed gambling facilities* in counties adjacent to the Mississippi River or the Mississippi Gulf Coast in which there has been a local option election. All other gambling in Mississippi not specifically permitted by law is contrary to the public policy of Mississippi and is criminal. The gambling activities for which Petitioner was convicted were not restricted to counties adjacent to the coast or Mississippi River, was not restricted to counties that had voted to permit gambling, was not conducted from a licensed gambling facility and involved the telephone. Under Mississippi law the gambling activities of Plaintiff was clearly criminal and illegal. Argument to the contrary is without merit. Petitioner's tax fraud was also illegal. Petitioner does not argue to the contrary related to the tax fraud counts.

This matter is procedurally barred and the substantive argument has no merit and is frivolous. This Court following the lead of the Fifth Circuit warns Petitioner that filing any further frivolous motions will result in the imposition of sanctions.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Petitioner's motion for suspension of supervised release is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner shall forthwith contact his probation officer and immediately begin making payments on his fine. Petitioner is warned that failure to do so may result in his re-incarceration. The Court does not intend, at this stage, to release Petitioner from supervised release until all of the minimum monthly payments have been paid.

SO ORDERED AND ADJUDGED this the 31st day of March, 1999.